NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN K. JOHNSON, Individually and as Trustee of The Annabell M. Palmer Family Trust; JUDITH WOODARD, Individually and as Trustee of The Annabelle M. Palmer Family Trust, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UBS AG, <br><br> Defendant-Appellee. | No. 20-56253 <br><br> D.C. No. 2:20-cv-00357-MCS-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted July 8, 2021[**]
Seattle, Washington

Before: HAWKINS and IKUTA, Circuit Judges, and CALDWELL,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Plaintiffs, Kathleen Johnson and Judith Woodward, brought claims, sounding in contract and tort, alleging that Defendant UBS indirectly solicited their late mother, Annabell M. Palmer, to wire $4 million to Defendant in Switzerland for investment purposes. Palmer obliged but never received any return on or an accounting of these funds. Plaintiffs now appeal the dismissal of their claims for lack of personal jurisdiction over Defendant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a dismissal for lack of personal jurisdiction de novo, *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008), and may affirm on any basis supported by the record, *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015). Because the district court decided Defendant's motion without an evidentiary hearing, we must only inquire into whether Plaintiffs' "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotations omitted).

I. General Jurisdiction

Plaintiffs argue that California has general jurisdiction over Defendant because Defendant is "at home" in California based on its regular and continuous business contacts there. Typically, the "all-purpose" forums for general jurisdiction are a corporation's "place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). But courts "may assert general

2

jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted).

Here, Defendant is not subject to general jurisdiction in California. Defendant is a Swiss corporation with a principal place of business in Switzerland, and its contacts with California fall short of demonstrating that Defendant is "essentially at home" in California. Although Defendant has a number of branch offices and employees in California and as such generates a significant amount of revenue there, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler AG*, 571 U.S. at 139 n.20. And that Defendant has consented to suit and sued in California in unrelated cases does not mean that it has waived its personal jurisdiction objections in this case. *See Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005).

II. Specific Jurisdiction

In the alternative, Plaintiffs argue that California has specific jurisdiction over Defendant because Defendant indirectly solicited Palmer in California, and Defendant has regular and continuous business contacts with California. To establish specific jurisdiction over a nonresident defendant: (1) the defendant must

purposefully direct his activities toward the forum or purposefully avail himself of the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger,* 374 F.3d at 802. Plaintiffs bear the burden of establishing the first two prongs. *Id.*

The first prong may be satisfied with facts sufficient to demonstrate either purposeful direction or purposeful availment. *See Schwarzenegger*, 374 F.3d at 802. Typically, tort claims follow the purposeful direction analysis and contract claims follow the purposeful availment analysis. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020). But there is not "a rigid dividing line" and both tests are relevant when both types of claims are at issue. *Id.* Because Plaintiffs' tort claim is substantially the same as their contract claims, the first prong should be analyzed under the purposeful availment analysis, *see Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990), or under the approach taken in *Global Commodities*, which keeps both tests in mind when both tort and contract claims are alleged, 972 F.3d at 1107.

Under the purposeful availment analysis, courts look to whether the defendant deliberately engaged in significant activities within the forum or created continuing obligations between himself and forum residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985). Similarly, *Global Commodities*'s approach focuses on whether the defendant has "voluntarily derived some benefit from [his] interstate

activities such that [he] will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." 972 F.3d at 1107–08 (internal quotations omitted).

Here, Defendant has purposefully availed itself of or directed its conduct toward California based on dozens of offices across California, over a thousand employees in California, and millions of dollars of revenue generation from California. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1022–23, 1026, 1028 (2021) (defendant conceded and court recognized that defendant purposefully availed itself of the forum by advertising, selling, repairing, and servicing its products in the forum); *Burger King*, 471 U.S. at 479–80 (defendant had sufficient contacts with the forum because he entered into a "carefully structured 20-year relationship" with plaintiff that envisioned continuing contacts with the forum where plaintiff's enterprise was headquartered); *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 772, 781 (1984) (defendant had sufficient contacts with the forum because it sold at least 10,000 copies of its magazine in the forum each month).

Turning to the second prong, even when a defendant has reached out beyond its home and exploited a market in the forum, the plaintiff's claims still must arise out of or relate to the defendant's contacts with the forum, because the defendant is not at home in the forum. *Ford*, 141 S. Ct. at 1025. In other words, there must be a connection between the forum and the underlying controversy, principally an

5

activity that is subject to the forum's regulation. *Id.* For example, in *Ford*, specific jurisdiction over a nonresident defendant was proper because the defendant "systematically served a market in [the forum states] for the very vehicles that the plaintiffs allege[d] malfunctioned and injured them in those States." *Id.* at 1028. But "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the [forum]." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1781 (2017); *see also Goodyear,* 564 U.S. at 930 n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.").

Here, Plaintiffs have not shown how Defendant's receipt of Palmer's transfer from California is sufficiently related to Defendant's regular and continuous business contacts with California. Because Plaintiffs have not alleged facts sufficient to establish the second prong, they have failed to make a prima facie showing of specific jurisdiction.

**AFFIRMED.**